# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

### CIVIL ACTION NO. 5:19-CV-386-BO

| | |
|---|---|
| DREAM YACHT AMERICAS, INC., and DREAM YACHT CHARTER, | )<br>)<br>) |
| Plaintiffs, | ) **PLAINTIFFS' ANSWER TO** |
| | ) **DEFENDANTS'** |
| v. | ) **COUNTERCLAIM** |
| | ) |
| BLACK TRAVEL MOVEMENT, LLC, and REGINALD E. CUMMINGS, | )<br>) |
| | ) |
| Defendants. | ) |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Plaintiffs Dream Yacht Charter, a Mauritius company, and Dream Yacht Americas, Inc., trading as Dream Yacht Charter ("Plaintiffs" or "DYC"), by and through their undersigned attorneys, hereby file this Answer to Defendants Black Travel Movement, LLC ("BTM") and Reginald E. Cummings' ("Mr. Cummings") (collectively, "Defendants") Counterclaim. Unless otherwise expressly admitted herein, Plaintiffs deny all allegations contained in the Counterclaim.

69. Plaintiffs admit that the allegations in their Complaint are accurate, and deny that Defendants' defenses are meritorious. Unless otherwise expressly admitted, Plaintiffs deny all allegations contained in Paragraph 69 of the Counterclaim.

70. Plaintiffs admit the allegations contained in Paragraph 70 of the Counterclaim.

71. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Counterclaim, and therefore, deny the same.

72. Plaintiffs admit that according to a copy of the itinerary, dinner was scheduled for 7:00 p.m. on June 22, 2019. Unless otherwise expressly admitted, Plaintiffs deny all allegations contained in Paragraph 72 of the Counterclaim.

73. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Counterclaim, and therefore, deny the same.

74. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Counterclaim, and therefore, deny the same.

75. Plaintiffs admit that Mr. Cummings expressed certain concerns to DYC. Unless otherwise expressly admitted, Plaintiffs deny all allegations contained in Paragraph 75 of the Counterclaim.

76. Plaintiffs admit that they approved an itinerary prior to departure that would have had all yachts following the same itinerary. Unless otherwise expressly admitted, Plaintiffs deny all allegations contained in Paragraph 76 of the Counterclaim.

77. Plaintiffs admit that Mr. Cummings and some BTM members waited in the harbor at Marina Bay while other yachts set sail. Unless otherwise expressly admitted, Plaintiffs deny all allegations contained in Paragraph 77 of the Counterclaim.

78. Plaintiffs deny the allegations contained in Paragraph 78 of the Counterclaim.

79. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 79 of the Counterclaim that provisions on some yachts were inadequate based upon the members' expectations, and therefore deny that allegation. Plaintiffs deny all remaining allegations contained in Paragraph 79 of the Counterclaim.

80. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Counterclaim, and therefore, deny the same.

81. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Counterclaim, and therefore, deny the same.

82. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Counterclaim, and therefore, deny the same.

83. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Counterclaim, and therefore, deny the same.

84. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Counterclaim, and therefore, deny the same.

85. Plaintiffs deny the allegations contained in Paragraph 85 of the Counterclaim.

86. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Counterclaim, and therefore, deny the same.

87. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Counterclaim, and therefore, deny the same.

88. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Counterclaim, and therefore, deny the same.

89. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Counterclaim, and therefore, deny the same.

90. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Counterclaim, and therefore, deny the same.

91. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Counterclaim, and therefore, deny the same.

92. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Counterclaim, and therefore, deny the same.

93. Plaintiffs deny the allegations contained in Paragraph 93 of the Counterclaim.

94. Plaintiffs deny the allegations contained in Paragraph 94 of the Counterclaim.

95. Plaintiffs deny the allegations contained in Paragraph 95 of the Counterclaim.

## COUNT I

96. Plaintiffs admit that the allegations in their Complaint are accurate, and deny that Defendants' defenses are meritorious. Plaintiffs incorporate their responses to Paragraphs 69 through 95 of the Counterclaim above. Unless otherwise expressly admitted, Plaintiffs deny all allegations contained in Paragraph 96 of the Counterclaim.

97. Plaintiffs deny the allegations contained in Paragraph 97 of the Counterclaim.

98. Plaintiffs deny the allegations contained in Paragraph 98 of the Counterclaim.

99. Plaintiffs deny the allegations contained in Paragraph 99 of the Counterclaim.

100. Plaintiffs deny the allegations contained in Paragraph 100 of the Counterclaim.

101. Plaintiffs deny the allegations contained in Paragraph 101 of the Counterclaim.

102. Plaintiffs deny the allegations contained in Paragraph 102 of the Counterclaim.

103. Plaintiffs deny the allegations contained in Paragraph 103 of the Counterclaim.

## PRAYER FOR RELIEF

Plaintiffs deny that Defendants are entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

Plaintiffs' investigation is ongoing, and Plaintiffs will assert any additional defenses based on its investigation of the facts.

WHEREFORE, Plaintiffs Dream Yacht Charter, a Mauritius company, and Dream Yacht Americas, Inc., trading as Dream Yacht Charter, respectfully request that the Court grant the following relief:

A. Dismissal with prejudice of the Counterclaim filed against Plaintiffs;

B. Judgment entered in favor of Plaintiffs and against Defendants for actual damages in an amount of $551,783.77;

C. An award to Plaintiffs of consequential and incidental damages in an amount to be determined at trial;

D. An award to Plaintiffs of treble damages;

E. An award to Plaintiffs of their reasonable attorneys' fees and court costs in prosecuting this action;

F. An award to Plaintiffs of pre-judgment and post-judgment interest on all sums awarded at the highest rate permitted by law; and

G. An award to Plaintiffs of such further relief, legal and equitable, to which they are justly entitled.

This the 4th day of December, 2019.

    /s/ Paul K. Sun, Jr.
Paul K. Sun, Jr.
N.C. State Bar No. 16847
Kelly Margolis Dagger
N.C. State Bar No. 44329
**ELLIS & WINTERS LLP**
P.O. Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
paul.sun@elliswinters.com
kelly.dagger@elliswinters.com

*Local Civil Rule 83.1(d) Counsel*
*for Plaintiffs Dream Yacht Americas, Inc.*
*and Dream Yacht Charter*


Jonathan P. Kagan
Meagan C. Borgerson
**KAGAN STERN MARINELLO & BEARD, LLC**
238 West Street
Annapolis, Maryland 21401
Telephone: (410) 216-7900
Facsimile: (410) 705-0836
kagan@kaganstern.com
borgerson@kaganstern.com

*Admitted by Special Appearance*
*Attorneys for Plaintiffs Dream Yacht Americas, Inc.*
*and Dream Yacht Charter*